ISAAC WIXOM *v.* DELOS DAVIS, *et al.*

The ignorance of a party of his defence at law is not a sufficient reason to warrant the court in interfering with a judgment, where such ignorance is connected with negligence, and might have been removed by the use of ordinary means to obtain the necessary information.

This was a motion to dissolve an injunction.

THE complainant's bill stated, that one Cook of the town of Farmington, Oakland county, in which town the complainant resides, in February 1838, applied to the defendant Davis, of the city of Detroit, for a loan of money, and received $700, in the bills of the Farmers' Bank of Genesee, and the Bank of Sandstone, institutions, nominally and professedly, banks under the general banking law of the state, but which were, in reality, instituted for purposes of fraud, and to give circulation to bills of no value ; and that Davis knew these facts, and had procured these bills for the purpose of defrauding such persons as might come into the possession of them. That Davis was, in some way, connected with the Farmers' Bank of Gene-

see, or with those who were its originators, and had got from it a large quantity of its bills, for which he had given little or no security; and that he knew when he paid them to Cook, that they were worthless, and that he was acting fraudulently in giving circulation to them. To secure the payment of the $700, Cook gave his promissory note to Davis, payable in three months, and endorsed by complainant and two others. About three weeks afterwards the Bank of Genesee failed, and its bills became worthless, and strong imputations of fraud were made against all concerned with it; and, in the charges growing out of its failure, Davis was implicated, and, immediately thereafter, left the state. Cook went to Detroit, and found the $700 note in possession of Davis's agent, and, being assured the bank would ultimately pay its liabilities, he paid $550 on it, and agreed to give a note for $150; which he afterwards did, on the first of March of the same year. This last note was endorsed by the complainant, who was ignorant, at the time, of the circumstances under which it was given. The bank proved to be utterly insolvent; and Cook did not receive for its bills over twelve per cent.

The complainant's bill then charged, that the note for $150 was given without any consideration, and that the whole transaction was a fraud on Cook and the complainant. That, on the fourth day of December, 1839, Davis sued the complainant on the note, and, on the thirteenth day of May following, obtained a judgment against him, by default, for $172.06 damages, and $29.20 costs. The bill further stated, that complainant, until the month of November, 1841, when he filed his bill, was entirely ignorant of the facts above stated; and that, if he had been aware, or had suspected, during the pendency of the suit against him, that the facts were as he had since learned

them to be, or that there was any defence to said note, on the ground of want of consideration, or fraud, he would have defended the action; and that, during the pendency of the suit, he waived any defence he might have had on account of the note not having been protested for non-payment, and allowed judgment to pass against him, only because he was ignorant of the facts stated. That an execution had been taken out and levied on his goods, which were advertised for sale; and that Cook was reputed to be insolvent.

The bill prayed for an injunction, to restrain the defendants from selling the goods, &c., which was granted; and the defendants now move to dissolve the injunction.

*T. Romeyn*, for complainant.

*H. H. Emmons*, for defendant.

THE CHANCELLOR. From the complainant's bill, it appears that he and Cook, the maker of the note on which the judgment was obtained, reside in the same town; and it is no where stated that the complainant, when he was sued, applied to Cook to know whether there was a defence to the action. The inference is that he did not; for, if he had, as Cook knew all the facts, it is to be presumed he would, in season to have made his defence at law, have been put in possession of the information of which he complains he was ignorant when the judgment was obtained. He had endorsed the note for the accommodation of Cook; and he should have inquired of him when he was sued upon it, if there was any defence. In this respect he failed to use that diligence he should have used, and the injustice of which he complains is the result of his own negligence, and not of any defect in the law. This Court cannot give relief in such a case. "I do not know"

(says Chancellor Kent, in *Penny* v. *Martin*, 4 *J. C. R.* 566,) of any principle that will authorize this Court to take jurisdiction of a case where the remedy was, in the first instance, full and adequate at law, because the party may have lost that remedy by ignorance, founded on negligence, not on accident, or mistake, or on any misrepresentation or fraud."(1)   The complainant not only neglected to inquire of his principal whether there was a defence to the action, but waived, as the bill states, " any defence he might have had on account of the note not having been protested for non-payment;" and then, eighteen months afterwards, and after an execution had been taken out and levied on his property, and the same had been advertised for sale, files his bill for relief, without stating any excuse whatever, for not having made his defence at law, otherwise than his ignorance of the facts until a short time previous to filing the bill of complaint.

The ignorance of a party of his defence at law is not a sufficient reason to warrant the Court in interfering with a judgment, where such ignorance is connected with negligence, and might have been removed by the use of ordinary means to obtain the necessary information. *Penny* v. *Martin*, 4 *J. C. R.* 566 ; *Foster* v. *Wood*, 6 *J. C. R.* 87 ; *Duncan* v. *Lyon*, 3 *J. C. R.* 351 ; *Auriol* v. *Smith*, 1 *Turn. & Russ.* 121 ; *( S. C.* 11 *Eng. Cond. Ch. R.* 69.) This is the rule in equity where a party asks for leave to file a bill of review ; *Livingston* v. *Hubbs*, 3 *J. C. R.* 124 ; *Bingham* v. *Dawson*, *Jac. R.* 243 ; *( S. C.* 4 *Eng. Cond. Ch. R.* 114 ;) and at law, where he applies for a new trial on the ground of newly discovered evidence. *The People* v. *Superior Court of New York*, 5 *Wend. R.* 121.   The injunction must be dissolved.

Injunction dissolved.

(1) See also *Barrows* v. *Doty*, 1 *Harr. Ch. R.* 2; *Wright* v. *King*, *Id.* 12, *and note at the end of the case.*